UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert S. Kelly, | ) | C/A No. 4:15-1518-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Kirkland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is currently before the court on Plaintiffs motion for discovery and issuance of a subpoena. (Doc. #42). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 8, 2015. Respondent filed a motion for summary judgment along with a return and memorandum in support, and Petitioner filed a response in opposition on September 14, 2015. On September 16, 2015, Petitioner filed a motion entitled "Motion to Correct Discovery, And Motion to Subpoena Marcus Parks Newly Discovered Evidence And Testimony." (Doc. #42). In this motion, Petitioner requests that the court order Respondent to produce a transcript of the case without addresses and phone numbers redacted out and requests "A full motion to discovery including color forinsic photoes of the crime scene and Victem in order to proove his case." Id. Additionally, Petitioner requests that the court subpoena Marcus Parks "to give his testimony that Albert Kelly had nothing to do with the murder and was not present at the murder scene. . ." Id. at 2.

Respondent filed a response in opposition arguing that Petitioner cannot meet his burden under 28 U.S.C.A. 2254, Rule 6 (a) of the Rules Governing Section 2254 and that Respondent is entitled to summary judgment for the reasons argued in its amended return and motion for summary judgment.

Discovery in §2254 cases is not automatically available, as in other civil cases, but instead requires leave of the district court. Habeas Rule 6(a); Bracy v. Gramley, 520 U.S. 899, 904 (1997); Thomas v. Taylor, 170 F.3d 466, 474 (4th Cir. 1999); Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998). The petitioner must obtain leave of court before discovery can commence. In re Pruett, 133 F.3d 275, 281 (4th Cir. 1997). The district court may allow discovery only if the petitioner shows "good cause." Habeas Rule 6(a). This standard is satisfied if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, supra. Petitioner's motion for discovery (doc. #42) is denied as he has not shown good cause to allow discovery at this time.

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 29, 2015  
Florence, South Carolina

2