UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert S. Kelly, | ) | C/A No. 4:15-1518-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Kirkland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, appearing *pro se*, filed his petition for a  writ of habeas corpus

pursuant to 28 U.S.C. § 2254[1] on April 8, 2015.  Respondent filed a motion for

summary judgment on September 4, 2015, along with a return and memorandum.

(Docs. #32 and #33). The undersigned issued an order filed September 8, 2015,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of

the motion for summary judgment procedure and the possible consequences if he

failed to respond adequately. (Doc. #23). Petitioner filed a response on September 14,

2015.


**PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lee Correctional Institution pursuant to an order of commitment from the Clerk of Court of Greenville County. Petitioner was indicted at the August 2004 term of the Greenville County Grand Jury for murder and in July 2005 for armed robbery and possession of a weapon during commission of a violent crime. Petitioner was represented by C. Timothy Sullivan, Esquire.

A jury trial was held on October 10-12, 2005, before the Honorable G. Edward Welmaker. Petitioner was found guilty as charged, and Judge Welmaker sentenced him to consecutive sentences of forty-five years for murder, fifteen years for armed robbery, and five years for possession of a weapon during the commission of a violent crime.

## DIRECT APPEAL

Petitioner timely served and filed a notice of appeal. On appeal, Petitioner was represented by Joseph L. Savitz, III, of the South Carolina Commission on Indigent Defense's Division of Appellate Defense. On March 1, 2007, Attorney Savitz filed a Final Anders brief on Petitioner's behalf and petitioned to be relieved as counsel. Petitioner raised the following issue:

2

> The trial judge committed reversible error when he failed
> to instruct the jury on the defense of alibi.

(Tr. 599-609).

Petitioner filed a pro se Brief of Appellant, dated May 14, 2007, and received by the South Carolina Court of Appeals on May 16, 2007. Petitioner raised the following grounds for relief:

"Section A-C"     "Withheld exculpatory evidence."

"Section D"       "improper indictment/error in element."

"Section E"       "inadequate voir dire of jurors."

"Section F"       "Insufficiency of testimony evidence."

"Section G"       "Prosecutor misconduct/police misconduct."

"Section H-I"     "Instruction errors/and misrepresentation."

"Section J"       "missing witness."

"Section K"       "insufficient evidence."

On September 11, 2008, the South Carolina Court of Appeals filed an Opinion dismissing his appeal and granting counsel's petition to be relieved. It sent the Remittitur to the Greenville County Clerk of Court on September 29, 2008.

## PCR

On September 25, 2008, Petitioner filed a *pro se* application for post-conviction relief ("PCR") raising the following issues:

1.    Ineffective assistance of trial counsel:

    (a).    Counsel failed to object to false testimony given by Investigator Arterburn.

    (b).    Counsel failed to object to false testimony given by Shaun Edwards and Charlene Edwards.

    (c).    Counsel failed to object to comments in the State's closing argument.

    (d).    Counsel for the request exculpatory evidence:

        i.    Counsel failed to request the brown wallet found in the victim's car.

        ii.    Counsel failed to request the .380 bullets purchased by Shaun Edwards before the murder.

2.    Trial issues:

    (a).    State witness Donna Wentz lied under oath.

    (b).    The confession would have been void.

    (c).    Trial judge should have instructed the jury on alibi.

(Tr. 612-49). Petitioner then filed a Motion to Amend Post-Conviction Application on December 11, 2008 (App. pp. 655-60), further amendments on December 12, 2008 (App. pp. 661-65) and an Amended PCR Application dated January 24, 2008. App. pp. 666-720. These amendments further explained the allegations presented in his original Application.

The State made its return to the application on December 3, 2008. Elizabeth Wiygul, Esquire, represented Petitioner in the action, and Respondent was represented by Assistant Attorney General Karen C. Ratigan. An evidentiary hearing was held on November 15, 2010, before the Honorable Robin B. Stilwell. Petitioner testified on his own behalf, and trial counsel, Mr. Sullivan, testified.

4

By order filed February 1, 2011, Judge Stilwell denied and dismissed the PCR application with prejudice. The order was filed with the Saluda County Clerk of Court on March 22, 2011. The Order of Dismissal addressed Petitioner's claims that: (1)trial counsel was ineffective not obtaining evidence that Petitioner claimed was exculpatory: including a pair of brown boots, a brown wallet found in the victim's car, and the .380 bullets that Petitioner's co-defendant, Edwards, purchased two days before the shooting; (2) trial counsel was ineffective for not hiring a ballistics expert to test the .380 bullets; (3) trial counsel was ineffective for not objecting to the testimony of Petitioner's co-defendants because their testimony destroyed his alibi; and (4) trial counsel was ineffective for not requesting an alibi instruction. App. pp. 747-53.

Petitioner's collateral counsel did not timely serve a notice of appeal. Thus, the Court filed a May 17, 2012, Order dismissing the appeal without prejudice to Petitioner's right "to seek a belated review under Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), by filing a new application for PCR in the circuit court." App. pp. 761-62. It sent the Remittitur to the Greenville County Clerk of Court on June 14, 2012. App. p. 763.

Petitioner then filed a second Application for Post-Conviction Relief (2012-CP-23-4466) on July 10, 2012. App pp. 764-809. Petitioner's successive

Application raised the following claims for relief:

1.     Ineffective assistance of PCR counsel:

     a.     Failed to file a notice of appeal.

2.     Ineffective assistance of trial counsel:

     a.     Failed to present exculpatory evidence (a pair of boots, a wallet, bullets).
     b.     Failed to object to solicitor's closing argument.
     c.     Failed to request alibi charge.

3.     Due process violation:

     a.     Trial judge did not provide an alibi charge because it was not requested by trial counsel.

4.     After discovered evidence:

     a.     Co- defendant Parks contacted the Applicant's family after the first PCR hearing to say he was "sorry for playing a roll [sic] in the wrongful conviction of Applicant and that he . . . lied in order to receive the lower end."
     b.     Co-defendant Wentz contacted the Applicant's family to say the police "forced and pressured her to make false statements and testimony against Applicant at trial."

App. pp. 764-809.

The State filed a Return and Partial Motion to Dismiss on October 8, 2012. App. pp. 804-10. The State's Return asserted that it lacked sufficient information or belief to admit or deny Petitioner's claim that he was entitled to a belated appeal pursuant to Austin v. State, and it moved for dismissal of the

remaining issues because the second Application was successive to the 2008 Application. The State further argued that Petitioner failed to meet any of the five requirements for relief with respect to his claim of after-discovered evidence. App. pp. 804-10.

On June 19, 2013, the Honorable D. Garrison Hill held a hearing at the Greenville County Courthouse. Petitioner was present at this hearing and Caroline M. Horlbeck represented him. No witnesses testified at this hearing. The State consented to Austin relief because original PCR counsel had advised the State that she had failed to perfect an appeal on Petitioner's behalf. However, the State moved for summary dismissal of the remaining claims, including Petitioner's claim of after-discovered evidence. Judge Hill indicated his willingness to grant a belated appeal based on original PCR counsel's ineffectiveness in failing to perfect one. App. pp. 811-21.

Judge Hill entered an Order of dismissal granting an Austin v. State belated PCR appeal on August 7, 2013. App. pp 823-29. Judge Hill granted belated review of the original PCR order pursuant to Austin. However, Judge Hill dismissed the remaining claims because the second Application was barred by the statute of limitations and was successive. Judgment was entered on August 7, 2013.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Susan Barber Hackett represented him in collateral appellate proceedings.

7

On August 29, 2014, Petitioner (with the assistance of collateral appellate counsel) filed a Petition for Writ of Certiorari. The only issue presented in the Petition was the following:

> Did the PCR court properly grant Petitioner a belated PCR appeal pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991) where Petitioner did not knowingly and intelligently waive the right to appellate review of his previous PCR application and Order of Dismissal?

Petition for Writ of Certiorari, p. 2. On August 29th Petitioner also filed a Petition for Writ of Certiorari Pursuant to Austin v. State, in which he presented the following issue:

> Did trial counsel provide ineffective assistance, in violation of Petitioner's Sixth and Fourteenth Amendment rights, by failing to request an alibi instruction despite having presented evidence of an alibi and arguing to the jury that Petitioner should not be convicted based upon his alibi where the evidence strongly pointed to the guilt of another?

The State filed a Petition for Writ of Certiorari Pursuant to Austin v. State on December 31, 2014. On March 18, 2015, the South Carolina Supreme Court filed an Order, in which it (1) granted certiorari from Judge Hill's Order, (2) dispensed with further briefing, (3) proceeded with an Austin review of Judge Stilwell's Order and (4) denied certiorari from his Order. It sent the Remittitur to the Greenville County Clerk of Court on April 3, 2015.

8

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:          6th Amendment violation-ineffective assistance of counsel.

Supporting facts:    In violation of petitioner's 6th amendment right to effective assistance of counsel, trial counsel failed to request an alibi instruction concerning despite having presented evidence of an alibi and arguing to the jury that petitioner should not be convicted based upon his alibi where this evidence strongly pointed to the guilt fo another.

GROUND TWO:          14th Amendment violation of due process.

Supporting facts:    Trial counsel failed to request an alibi instruction concerning despite having presented evidence of an alibi and arguing to the jury that petitioner should not be convicted based upon his alibi where the evidence strongly pointed to the guilt of another and prosecutor argued against petitioner's alibi in opening and closing argument to the jury.

GROUND THREE:        Newly discovered evidence. . .

Supporting Facts:    Co-defendant Marcus Parks contacted petitioner's family and advised them that petitioner is innocent of all charges and that police (coerced) him at trial with threats and promises-to give false testimony against

9

petitioner.

GROUND FOUR:         Exculpatory evidence.

Supporting Facts:      The state had evidence to prove applicant's innocense at trial-but, counsel refused to argue them,, request them to jury-boots, wallet, bullets--

(Habeas Petition).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a);

10

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule

56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the

13

South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure,

a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See <u>Murray v. Carrier</u>, 477 U.S.478, 496 (1986).

## <u>ANALYSIS</u>

### <u>GROUNDS ONE AND TWO</u>

In Ground One, Petitioner alleges a Sixth Amendment violation asserting trial counsel was ineffective for failing to request an alibi instruction after presenting evidence of an alibi and arguing to the jury that Petitioner should not be convicted based upon his alibi. In Ground Two, Petitioner argues a Fourteenth Amendment violation of due process for trial counsel failing to request an alibi instruction despite having presented evidence of an alibi and arguing an alibi defense to the jury. These two issues will be discussed together as an ineffective assistance of counsel claim.

Respondent contends that summary judgment should be granted with respect to Grounds One and Two arguing the state courts' rejection of Petitioner's claim was not contrary to and did not involve an unreasonable application of clearly established United States precedent under §2254(d)(1).

The Sixth Amendment to the United States Constitution guarantees a defendant

the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining

16

defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

At the PCR hearing, Petitioner testified that his mother provided him with an alibi when she testified that he was home with her from 11:00 p.m. on February 26, 2004, until approximately 5:30-6:00 a.m. on February 27, 2004, which covered the entire time-frame of the murder. Petitioner testified that trial counsel failed to request an alibi charge even though they presented alibi testimony from his mother and trial counsel argued that he was not at the scene of the crime based on his mother's alibi testimony.

Trial counsel testified that the first trial ended in a hung jury. However, counsel testified that he did not recall why he did not request an alibi instruction testifying as follows:

> . . . I presented the alibi that he had left before they claimed this had happened but I don't recall the time. They had telephone records of phone conversations between he and his girlfriend and when she picked him up and this type thing but I don't recall. If I didn't make it, I didn't make it.

(Tr. 740).

Upon cross examination, counsel was asked "[t]his Court asks if there were any specific charges that you're going on all or nothing type of strategy, do you recall that?" (Tr. 742). Counsel responded "[y]es. No self-defense, yeah. That he's guilty or not guilty." (Id.). Counsel was then asked that if he was going for an all or nothing, would that explain why he did not ask for an alibi charge. Counsel responded that he did not remember why he did not request an alibi charge. Counsel went on to testify that "I thought this case, the way it was presented, that he was going to be found guilty or not guilty of it. I guess we had some hope from the six/six hung jury." Tr. 742-43.

    In the order of dismissal, the PCR judge found as follows with regard to this issue:

> This Court finds the Applicant failed to meet his burden of proving trial counsel should have requested an alibi charge. During the charge conference, the trial judge specifically asked trial counsel if he wanted a charge of alibi. (Trial transcript, p. 489). Trial counsel declined, stating "this is all or nothing." (Trial transcript, p. 489). The Applicant did not object. This Court finds trial counsel made a strategic decision not to ask for an alibi charge. See Roseboro v. State, 317 S.C. 292, 294 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel).

> Accordingly, this Court finds the Applicant has failed to

18

produce the first prong of the <u>Strickland</u> test-that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to represent specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u>–that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. . .

(Tr. 752).

The PCR court found no error by trial counsel concluding that trial counsel's decision not to request an alibi defense charge was trial strategy because "it was all or nothing."[2] Finally, it found that even assuming error by counsel, Petitioner failed to show <u>Strickland</u> prejudice.

The undersigned is unable to find any support in the record for the PCR court's factual and legal findings and conclusions that trial counsel's failure to request an alibi charge was trial strategy.

Nonetheless, Petitioner has not shown a violation of <u>Strickland</u>, <u>supra</u>. While an alibi charge may have been  requested since there was alibi testimony by Petitioner's mother, Petitioner has failed to show prejudice, assuming *arguendo*, error.

___

[2] Courts are instructed not to second guess an attorney's trial strategy and tactics. <u>Goodson v. United States</u>, 564 F.2d 1071, 1072 (4th Cir.1977); <u>Stamper v. Muncie</u>, 944 F.2d 170 (4th Cir.1991). A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000).

In the recent case of <u>Hope v. Cartledge</u>, 2015 WL 4644536 (D.S.C. Aug. 3, 2015), the court held as follows:

> . . . the Supreme Court has never held that the failure to request an alibi charge constitutes ineffective assistance of counsel, so the PCR court's rejection of this claim cannot be said to be contrary to or an unreasonable application of clearly established federal law. <u>See</u> generally <u>Epps v. Bazzle</u>, No. CIVA 907–CV–3113–RBH, 2008 WL 2563151, at *9 (D.S.C. June 23, 2008) ("A state court adjudication is contrary to clearly established federal law only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. If the United States Supreme Court has never addressed the claim presented to the state court, then, the state court decision cannot be said to have unreasonabl [y] appli[ed] clearly established Federal law [under § 2254(d)(1).]" (alterations in original) (internal quotation marks and citation omitted)).

<u>Id</u>. at *5; <u>Gibbs v. Stevenson</u>, 2015 WL 7188341, *3-4 (D.S.C. Nov. 11, 2015).

Here, alibi testimony of Petitioner's mother was presented to the jury, and trial counsel discussed the alibi evidence during the closing arguments. The trial judge instructed the jury that the burden is on the State to prove guilt beyond a reasonable doubt and that a person charged with committing a criminal offense in South Carolina is never required to prove himself innocent. The trial judge explained extensively the jurors' duty to determine the credibility and believability of witnesses who testified. At the trial, Petitioner's mother testified that he was at her apartment during the time

of the crime. The testimony of Petitioner's girlfriend's and the co-defendant was in conflict to the mother's testimony. Additionally, Petitioner had given a written statement to the police admitting that he was present during the crime which was entered into evidence and read to the jury. (Tr. 339-341). The jury heard the testimony of the witnesses and determined credibility and believability as instructed by the trial judge. Petitioner fails to show <u>Strickland</u> prejudice as he has not shown that there was a substantial likelihood the result of his trial would have been different had the trial judge given an alibi jury instruction. Accordingly, the PCR court's findings was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Grounds One and Two.


**<u>GROUND THREE</u>**

In Ground Three, Petitioner argues newly discovered evidence asserting that his co-defendant, Marcus Parks,  contacted Petitioner's family advising them that Petitioner is innocent of all charges and that the police coerced him at trial to give

false testimony against Petitioner.

In Ground Three, Petitioner asserts that he is actually innocent of the crimes for which he was convicted. This claim fails to state a claim upon which federal habeas relief can be granted as Petitioner has not asserted an independent constitutional violation. Thus, it is recommended that Ground Three be dismissed.

## GROUND FOUR

In Ground Four, Petitioner argues exculpatory evidence asserting that trial counsel was ineffective because "[t]he state had evidence to prove applicant's innocense at trial- but, counsel refused to argue them, request them to jury-boots, wallet, bullets-" (Petition).

Respondent argues that this allegation is procedurally defaulted because it was not presented to the South Carolina Supreme Court on certiorari from the denial of the PCR court.

The issue raised in Ground Four is procedurally barred as it was not raised in the petition for writ of certiorari from the PCR court's denial of the claim. See Coleman v. Thompson, 501 U.S. 722, (1991)(stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Petitioner has not

demonstrated cause and prejudice to overcome his procedural default.[3]

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #34) be GRANTED and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 8, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

---

[3] Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez exception); Cross v. Stevenson, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal established cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.'") quoting Martinez, 132 S.Ct. at 1320.

23